Curia-, per

Evans, J.
I understand from the report, that the defendant, Harmon, had been convicted at a former court, of bastardy, and had entered into a recognizance for the maintainance of the child. The recognizance is not before us, but the presiding Judge reports that it was broad enough to carry back the allowance to the birth of the child. I presume it was entered into in pursuance of the sentence of the eoilrt, and in con *276 formity with it. There was no appeal from the sentence. It was the judgment of the court, and we cannot look beyond it, whilst it remains unreversed. We are all of opinion the defendants cannot now question the accuracy of the sentence, or avoid their recognizance, given in pursuance of it. Whether by law Harmon was bound to give such a recognizance, is not necessary to be decided in this case. I take this occasion, however, to say, that such was the decision in Compton’s case, decided in 1827. This case, it has been supposed, has been overruled in McCluney’s case and Day’s case. But these went no farther than, to decide that the father of a bastard child could not be tried or sentenced after the child was twelve years old. All these cases are in manuscript, and are noticed here for the purpose of collecting the authorities on the subject, and not of deciding on the true construction of the Act.
JP. C. Caldwell, for the motion. J. J. Caldwell, Solicitor, contra.
The motion is refused.
Gantt, Richardson, Earle, and Butleh, JJ. concurred.